## STATE OF VERMONT

## ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| **Appeal of Rueger, et al.** | } } } } | **Docket No. 122-7-04 Vtec** |

## <u>Supplemental Decision and Order</u>

This Court issued its Decision and Order on the parties' Cross-Motions for Summary Judgment on May 5, 2005.  The Court concluded that the matter must be remanded to the Bristol Zoning Board of Adjustment (ZBA) for consideration on the merits of the conditional use application for the proposed project under § 526 of the Bristol Zoning Bylaws (Bylaws).

The Court's May 5th Decision was premised upon its conclusion from the parties' filings that the ZBA had not yet held a hearing on the merits of conditional use approval.  However, we now see from the parties' respective Motions to Amend Judgment and supplemental filings[1] that the ZBA did reach the merits of the application.  It is therefore necessary for the Court to amend its prior Decision and Order.

It is unfortunate that the parties, surely through mere omission rather than intentional act, did not notify the Court that the ZBA had issued written Findings.  The circumstances here are somewhat unique, although not an entirely unusual.  The Notice of Appeal in this case was filed after the final ZBA deliberative hearing, but before the issuance of the written Findings of Fact and Conditional Use permit.

However, Appellants' Notice of Appeal and Statement of Questions makes no reference to the ZBA Findings.  Appellants' Motion for Summary Judgment, filed some four months after the ZBA Findings, is also silent on the issuance of Findings, or the conditional use conditions listed therein.

When a Court does not receive notice of all material and relevant facts, the parties can suffer as a consequence of the Court rendering a faulty decision.  Fortunately, the consequence here is only a delay.

---

[1] This Court first became aware of the ZBA's minutes from its deliberative session on June 22, 2004 and its Findings of Fact and Conditional Use Permit to Lathrop Limited Partnership, LLP (issued July 6, 2004) when copies were attached as exhibits to Appellee-Applicant's Motion to Amend Judgment of May 13, 2005.

For future reference, we state the now obvious point: in the event that an appeal is taken before a final decision of an appropriate municipal panel (as in this matter), it would serve the interests of judicial economy if the parties would notify the Court once that final decision is rendered. If that practice was followed here, there would be no need for this Supplemental Decision and Order.

We now turn to the substantive points of each party's Rule 59 Motions.

First, in light of the fact that the Bristol ZBA <u>did</u> complete its review of Applicant's conditional use application and issued Findings of Fact and a Conditional Use Permit, this Court's remand to the ZBA is no longer appropriate. Pursuant to V.R.C.P. 76(e) and V.R.A.P. 4,[2] we regard the Notice of Appeal, dated July 2, 2004 (received by the Court on July 8, 2004), as a properly filed appeal of the ZBA Findings of Fact and Conditional Use Permit issued on July 6, 2004 to Lathrop Limited Partnership, LLP.

This Court's determination (See Decision and Order of May 5, 2005, at Pp. 3-4) that the appropriate review of Appellee's application is under Bylaws § 526 remains unchanged. However, material facts remain in dispute as to whether, and under what conditions (if applicable), the proposed project should be granted conditional use approval, including the portion of the proposed project that includes the access road through the MIX zoning district and to what extent the current use in that district should be reviewed in this proceeding.

As a consequence of this Supplemental Decision, the Court's V.R.C.P. 58 Judgment Order of May 5, 2005, is vacated.

A telephone conference will be held on **July 5th, 2005 at 1:00 P.M.** to discuss pre-trial matters, including any outstanding discovery to be completed and the scheduling of a site visit.

Done at Berlin, Vermont, this 23rd day of June, 2005

_____
Thomas S. Durkin, Environmental Judge

---

[2] Rule 76 governed the interpretation of the Notice of Appeal in this case, since at the time this appeal was commenced (i.e. July 8, 2004), the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) had not yet been adopted.